# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

BEVERLY ANN BARGAR,     )
    )
        Plaintiff,     )
    )
v.     )     **Case No. CIV-14-346-SPS**
    )
CAROLYN W. COLVIN,     )
**Acting Commissioner of the Social**     )
**Security Administration,**     )
    )
        Defendant.     )

## OPINION AND ORDER AWARDING
## ATTORNEY'S FEES TO THE PLAINTIFF UNDER THE EAJA

Plaintiff Beverly Ann Bargar was the prevailing party in this action under the Social Security Act. Plaintiff seeks an award of attorney's fees in the amount of $5,273.20, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). The Commissioner agrees that the Plaintiff is entitled to a reasonable fee award, but objects to the fee requested, noting that the Plaintiff declined to accept an offer of settlement for $5,000.00, and arguing that the fee should be reduced for specific tasks in the billing record, *i. e.*, reviewing a motion and an order of the Court. For the reasons set forth below, the Court concludes that the Plaintiff should be awarded a reduced amount of attorney's fees and costs under the EAJA as the prevailing party herein.

The Court finds nothing in this case to differentiate it from the usual work required in the average case. The Plaintiff raised two common errors on appeal: (i) that the ALJ's hypothetical and RFC assessment precluded her from performing significant gainful

activity, and (ii) that she should be found disabled under the regulations based on her age and RFC. These arguments were apparently well met, because the Commissioner subsequently filed for remand. Nevertheless, it is still up to the Court to make a determination as to the reasonableness of the total fee request, specifically as to "whether the hours spent representing the Plaintiff were 'reasonably expended.'" *Truelove v. Colvin*, 2014 WL 36750, at *2 (D. Colo. Jan. 6, 2014), *citing Blum v. Stevenson*, 465 U.S. 886, 901 (1984) *and Hensley*, 461 U.S. at 437.

The Commissioner contends that individual amounts billed by the Plaintiff's attorneys were "unnecessary and excessive" and that the amount of any award under the EAJA should be reduced accordingly. The Court agrees, and finds that the amount of attorneys' fees and costs sought by the Plaintiff should be reduced to $5,047.60. Plaintiff's counsel has submitted billing records indicating that he has expended 28.0 total billable hours on the Plaintiff's appeal before this Court. The Commissioner argues that amount is not reasonable.[1] *See, e. g., Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) ("The district court . . . should exclude from this initial fee calculation hours that were not 'reasonably expended.' . . . Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary[.]"). Specifically, the Commissioner takes issue with counsel's billing

---

[1] The hourly rates sought by the Plaintiff are in line with those prescribed by the Commissioner, *i. e.*, $190/hour in 2014, $188/hour in 2015, and there is no contention by the Commissioner that they are unreasonable in this case. *See* Docket No. 24, Ex. 3; *Hospice Center of Southeastern Oklahoma, Inc. v. Sebelius*, 2013 WL 2007315, at *1 n.1 (E.D. Okla. May 13, 2013) ("The court takes judicial notice that the office of General Counsel, Region VI of the Social Security Administration has provided hourly rates consistent with the yearly average CPI-U.").

records for 1.7 hours in 2015, reflecting .9 hours for "Discussed and Reviewed Defendant's Motion for Voluntary Remand," and .8 hours for "Reviewed Judge Shreder's Order and Judgment." *See* Docket No. 24, Ex. 1, p.2.

In this Circuit, typical social security appeals require, on average, twenty to forty total hours of attorney time, and the total time reflected here is not out of that range. *See, e. g.*, *Nave v. Barnhart*, 2003 WL 22300178, at *2 (D. Kan. Oct. 7, 2003) ("[T]he typical number of hours claimed in EAJA applications in 'straightforward' disability cases is between thirty and forty[;]" collecting cases). Nevertheless, it is still up to the Court to make a determination as to the reasonableness of the total fee request, specifically as to "whether the hours spent representing the Plaintiff were 'reasonably expended.'" *Truelove v. Colvin*, 2014 WL 36750, at *2 (D. Colo. Jan. 6, 2014), *citing Blum v. Stevenson*, 465 U.S. 886, 901 (1984) *and Hensley*, 461 U.S. at 437. After a review of the arguments by the parties, as well as a review of the hours expended in light of the subject matter and difficulty of the Plaintiff's case, the Court therefore finds that a reduction of 1.2 hours, from 1.7 hours to .5 hours (billed at the 2015 rate of $188/hour), is appropriate. *See Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1202 (10th Cir. 1986) ("There is no requirement, either in this court or elsewhere, that district courts identify and justify each disallowed hour."). This results in a fee award of $5,047.60.

Upon review of the record herein, the Court therefore finds that said amount is reasonable and that the Commissioner should be ordered to pay it to the Plaintiff as the prevailing party herein. *See* 28 U.S.C. § 2412(d)(1)(A) ("Except as otherwise

specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort)[.]"); *see also Manning v. Astrue*, 510 F.3d 1246, 1251 (10th Cir. 2007) ("The EAJA therefore permits attorney's fees reimbursement to financially eligible prevailing parties, who make a proper application, and not to their attorneys.").

Accordingly, IT IS ORDERED that the Plaintiff's Motion and Brief in Support for an Award of Attorney's Fees Under the Equal Access to Justice Act 28 U.S.C. § 2412 [Docket No. 24] is hereby GRANTED in part and that the Government is hereby ordered to pay attorneys' fees in the amount of $5,047.60 to the Plaintiff as the prevailing party herein. IT IS FURTHER ORDERED that if the Plaintiff's attorney is subsequently awarded any fees pursuant to 42 U.S.C. § 406(b)(1), said attorney shall refund the smaller amount of such fees to the Plaintiff pursuant to *Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986).

**DATED** this 21st day of May, 2015.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**